[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Kevin D. Rowland appeals from the judgment of the trial court denying his Crim.R. 32.1 motion to withdraw his guilty plea. On February 26, 1997, Rowland agreed to enter a guilty plea to one count of aggravated robbery with a gun specification. As part of the plea agreement, the state dismissed count two of the indictment and a second specification to count one. Further, the state agreed that Rowland would serve a three-year minimum sentence of incarceration for the aggravated robbery in addition to the mandatory three-year sentence for the gun specification. The court accepted Rowland's plea, and he was sentenced to six years of incarceration. Rowland's co-defendant, William Brown, apparently negotiated a more favorable arrangement and was released from incarceration in June of 1998.
On August 21, 2000, after serving three and a half years of his sentence, and two years after Brown's release, Rowland moved to withdraw his guilty plea. Rowland averred that his attorney had promised him that he and Brown would be "treated in a similar fashion." Rowland further averred that "[i]f I had known that I would have been tricked and my co-defendant would receive only a year, I would never have entered into the plea agreement with the State of Ohio." After a hearing, the trial court denied Rowland's motion to withdraw his guilty plea.
A defendant who wishes to withdraw his guilty plea after the imposition of sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus; Crim.R. 32.1. After reviewing the record in this case, we hold that the trial court did not abuse its discretion in concluding that there was no manifest injustice to warrant a withdrawal of Rowland's plea. See Smith, supra, paragraphs two and three of the syllabus; State v. Blatnik (1984), 17 Ohio App.3d 201, 202-204,478 N.E.2d 1016, 1019-1020; State v. Testerman (Aug. 17, 2001), Hamilton App. No. C-010040, unreported. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.